13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Joe Earl COOPER and Janice Lee Cooper, Debtors.
Joe Earl Cooper and Janice Lee Cooper, Appellants,
v.
Richard L. KRAMER, Appellee.
 No. 93-1183.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 16, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 SETH
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In this bankruptcy case, Appellants Joe Earl Cooper and Janice Lee Cooper filed a Chapter 13 petition in which they attempted to discharge a $65,000.00 debt owed to Appellee Richard Kramer. Originally, the bankruptcy court dismissed the petition and enjoined the Appellants from filing another petition for a year. On appeal, the United States District Court for the District of Colorado reversed and remanded in light of our decision in In re Frieouf, 938 F.2d 1099 (10th Cir.), which limits enjoining a debtor from refiling to a maximum six-month period. After argument was heard on remand, the bankruptcy court reaffirmed its findings of fraud, deception, and bad faith on the part of the Appellants. Based on these findings, the bankruptcy court granted Appellee's motion for sanctions, which included a permanent injunction on the Appellants from attempting to discharge the debt owed to Appellee. The district court affirmed the bankruptcy court's decision, and this appeal follows concerning whether the lower courts erred by granting the permanent injunction. We affirm.
 
 
 3
 In Frieouf, we definitively stated that "section 349(a) [of the Bankruptcy Code], by its plain language, must be read as allowing a bankruptcy court, for cause,' to permanently disqualify a class of debts from discharge...." Frieouf, 938 F.2d at 1103. In their halfhearted attempt to distinguish their situation from that in Frieouf, Appellants argue that Frieouf is only applicable to chapter 11 cases. This contention is wholly without merit. See 11 U.S.C. 103 (making chapter 3, which includes 349, applicable to both chapters 11 and 13). Appellants' other arguments on appeal are even more specious than their attempt to distinguish Frieouf.
 
 
 4
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3