**Janet and Robert C. WALKER,
Appellants,**

v.

**Linda Ekstrom STANLEY, United
States Trustee, Appellee.**

**No. C–98–20966–JW.**

United States District Court,
N.D. California.

Feb. 22, 1999.

Robert C. Walker, Janet Walker, Santa Clara, CA, pro se.

Margaret H. McGee, Office of U.S. Trustee, San Jose, CA.

Mohamed Poonja, Los Altos, CA, Chapter 7 Trustee.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER; ORDER DECLARING APPELLANTS VEXATIOUS LITIGANTS

WARE, District Judge.

### I. *INTRODUCTION*

Robert Walker and Janet Walker, ("Debtors") appeal an order of Bankruptcy Judge James R. Grube, which dismissed their bankruptcy with prejudice. The appeal raises two issues: (1) whether Judge Grube properly dismissed Debtors' bankruptcy petition with prejudice; and (2) whether Judge Grube abused his discretion in denying Debtors' request to continue the hearing to dismiss with prejudice so that they could retain counsel. For reasons set forth in this order, the Court: (1) affirms the Bankruptcy Court's ruling that Debtors' ninth petition for bankruptcy was filed in bad faith and (2) finds that Judge Grube did not abuse his discretion in denying Debtors' request to continue the hearing to dismiss with prejudice so that they could retain counsel.

The consideration of this appeal brought to the Court's attention that the Debtors' had filed numerous petitions, which were never fully prosecuted. On January 25, 1999, the Court ordered the Debtors to show cause why they should not be declared vexatious litigants. For reasons set forth in this order, the Court declares Debtors vexatious litigants and places restrictions on their access to Bankruptcy Courts.

### II. *BACKGROUND*

This appeal involves ten petitions for bankruptcy filed by Debtors. On March 2, 1998, the Debtors filed their ninth petition for bankruptcy, the bankruptcy at issue in this case. On June 30, 1998, Judge Grube dismissed Debtors' ninth bankruptcy with prejudice which barred the Debtors from filing further bankruptcy petitions for a period of 180 days and barred Debtors from seeking discharge of their existing debts for two years. The Walkers appeal Judge Grube's order.

Since 1991, Debtors have filed ten bankruptcies, individually or jointly. Nine of the ten bankruptcies were dismissed for failure to comply with bankruptcy requirements or failure to attend the scheduled section 341 meeting of creditors. The tenth bankruptcy is pending the outcome of this appeal.

The Debtors stated on the record that they filed at least three bankruptcy cases to avoid

garnishment of Janet Walker's wages. In addition, Bank of America, holder of the deed of trust to Debtors' house, objected to Debtors' most recent Chapter 13 plan because the Debtors had not made payments on pre-petition arrears in any of the prior bankruptcy cases. That is, no payments were made on the Note from April, 1995 to July, 1996 even though a Chapter 13 case was filed on October 2, 1995 and another Chapter 13 case was filed on May 23, 1996. Furthermore, the City of Santa Clara believes that at least seven of the bankruptcies since 1994 were filed in response to the City's efforts to collect utility charges which were 90 days or more overdue.

With respect to the ninth petition for bankruptcy, the Debtors failed to appear at the section 341 meeting of creditors. The case was then dismissed for failure to file completed schedules. This dismissal was not noticed to the standing trustee until May 11, 1998 and the United States Trustee ("UST") on May 29, 1998. Before receiving notice of the dismissal, the UST filed a motion to dismiss the Chapter 7 petition with prejudice. On May 28, 1998, the UST filed an exparte motion to vacate the order dismissing the Chapter 7 case. Judge Grube granted the UST's motion and the case was reopened on June 3, 1998. A hearing took place on June 30, 1998 at 2:00 p.m. and Robert Walker was present. During the hearing, Debtors requested a continuance of the proceeding to allow them to retain counsel. Judge Grube denied Debtors' request and granted the UST's motion to dismiss with prejudice which barred the Debtors from filing further cases for a period of 180 days and barred Debtors from seeking discharge of their existing debts for two years. On June 30, 1998 at 1:59 p.m., one minute before the scheduled hearing on the UST's motion, the Debtors filed their tenth petition for bankruptcy. That bankruptcy is also pending.

The order dismissing the Debtors' case with prejudice was entered on July 8, 1998. The Debtors filed a timely notice of appeal on July 14, 1998. The Debtors argue that Judge Grube erred in concluding that the Walkers filed their bankruptcy in bad faith and that Judge Grube abused his discretion when he denied Debtors' request to continue the hearing to afford them an opportunity to retain counsel.

### III. *LEGAL STANDARD*

Rule 8013 of the Federal Rules of Bankruptcy provides that the district court "may affirm, modify, or reverse a Bankruptcy Court's judgment, order, or decree or remand with instructions for further proceedings." A Bankruptcy Court's dismissal of a case is reviewed for an abuse of discretion. *In re Leavitt,* 209 B.R. 935, 937 (9th Cir. BAP 1997) (citing *In re Marsch,* 36 F.3d 825, 828 (9th Cir.1994)). The factual determinations of the Bankruptcy Court are subject to the clearly erroneous standard, while its conclusions of law are subject to de novo review. *In re Comer,* 723 F.2d 737, 739 (9th Cir. 1984).

### IV. *DISCUSSION*

#### A. Dismissal of Bankruptcy

Under 11 U.S.C. § 109(g)(1), "no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—(1) the case was dismissed by the court for willful failure of the debtor[s] to abide by orders of the court, or to appear before the court in proper prosecution of the case...." 11 U.S.C. § 109(g)(1). In the case at bar, Debtors filed their eighth petition for bankruptcy on October 29, 1997. The Debtors failed to appear at a mandatory 11 U.S.C. § 341 meeting of creditors ("341 meeting of creditors"). The meeting of creditors was continued, and again the Debtors failed to appear. Upon the trustee's request, the Bankruptcy Court dismissed the case on February 6, 1998. Debtors filed this petition for bankruptcy, their ninth such petition, on March 2, 1998 in violation of section 109(g)(1) because it was filed only 24 days after the previous petition was dismissed, well within 180 days after the previous case was dismissed for failure to abide by a court order.

 Because section 109(g)(1) prohibits a debtor relief under the Bankruptcy Code, the debtor must have acted "willfully." Although "willful" is not defined in the bank-

ruptcy code, courts interpret willful to mean "deliberate or intentional." *In re Herrera,* 194 B.R. 178, 188 (Bankr.N.D.Ill.1996). "[A] mere failure to make a payment under a Chapter 13 plan or failure to appear at the first meeting or a court hearing, will not, in itself, be sufficient to sustain a finding of willful conduct." *Id.* at 189 (quoting *In re Nelkovski,* 46 B.R. 542 (Bankr.N.D.Ill.1985)). However, a court may

> construe repeated failure to appear or lack of diligence as willful conduct. Repeated conduct strengthens the inference that the conduct was deliberate. Additionally, the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent. *Id.* (quoting *In re Nelkovski,* 46 B.R. 542, 545 (Bankr.N.D.Ill. 1985)).

In the instant case, Debtors have filed nine petitions for bankruptcy without fully prosecuting any one of the cases. Although there is no express statutory prohibition against filing successive or serial petitions for bankruptcy, such conduct may be evidence of bad faith. *Tsafaroff v. Taylor,* 884 F.2d 478 (9th Cir.1989). In three cases, 91–53761, 94–32134, 97–59161, debtors failed to appear at section 341 meeting of creditors. In three other cases, 95–56439, 97–50898, 98–51561, Debtors failed to appear at the first meeting of creditors. In addition, Debtors failed to make payments under previous Chapter 13 plans, failed to file completed schedules and failed to comply with court orders. The Walkers' circumstances appear unchanged because their bankruptcy petitions stem from the same basic facts and circumstances. Moreover, petitions admitted that three of their petitions were filed to prevent one creditor from garnishing Janet Walker's wages.

Because appellants repeatedly failed to perform their duties under the Bankruptcy Code, they willfully failed to abide by the Bankruptcy Court's orders. Therefore, the Debtors were in violation of section 109(g)(1), and the Bankruptcy Court properly dismissed the case.

## B. Dismissal of the Bankruptcy with Prejudice

On July 8, 1998, Judge Grube dismissed Debtors' ninth petition for bankruptcy with prejudice which barred Debtors from filing further bankruptcy petitions for a period of 180 days and barred Debtors from seeking discharge of their existing debts for two years. The first part of Judge Grube's order is moot because 180 days has elapsed. The second part of Judge Grube's order barring Debtors from seeking discharge of their existing debts for two years is not moot.

A court may, with cause, dismiss a case with prejudice and "bar the discharge in a later case . . . of debts that were dischargeable in the case dismissed." 11 U.S.C. § 349(a); see also *In re Leavitt,* 209 B.R. 935 (9th Cir. BAP 1997) (stating that section 349 "expressly grants a bankruptcy court the authority to 'dismiss the case with prejudice thereby preventing the debtor from obtaining a discharge with regard to the debts existing at the time of the dismissed case, at least for some period of time.' " (citing 3 Collier on Bankruptcy § 349.01, at 349–2–3 (15th ed. 1997))) In order to have cause, the debtors conduct must have been "egregious;" a finding of bad faith constitutes egregious behavior. *Leavitt* 209 B.R. at 939. A Bankruptcy Court may dismiss a case with prejudice in order "to punish abusive or bad faith filing." *In re Leavitt,* 209 B.R. at 939 (quoting *In re Walker,* 102 B.R. 612, 614 (Bankr. N.D.Ohio 1989)); see also 11 U.S.C. §§ 109, 349(a). In determining whether bad faith is present, the court should apply to the "totality of the circumstances test." *In re Leavitt,* 209 B.R. at 939 (citing *In re Eisen,* 14 F.3d at 469, 470 (9th Cir.1994)).

In determining whether bad faith exists, the Ninth Circuit requires a judge to "ask whether the debtor 'misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or an otherwise [filed] his . . . [petition or] plan in an inequitable manner.' " *In re Eisen,* 14 F.3d at 470 (quoting *In re Nash,* 765 F.2d 1410, 1415 (9th Cir.1985)). "A debtor's history of filings and dismissals is relevant." *In re Eisen,* 14 F.3d

at 470 (quoting *In re Chinichian*, 784 F.2d 1440, 1445–46 (9th Cir.1986)). In evaluating a debtor's history of filings and dismissals, it is useful to consider five factors: "(1) the time between the prior case and the present one; (2) whether the second case was filed to obtain the favorable treatment afforded by the automatic stay; (3) the effort made to comply with the prior case plan; (4) the fact that Congress intended the debtor to achieve its goals in a single case; (5) any other facts the court finds relevant." *In re Huerta*, 137 B.R. 356, 367 (Bankr.C.D.Cal.1992). Although this is not an exclusive list, it is helpful to determine whether a serial bankruptcy petition was filed in bad faith.

■ In the present case, the Debtors have filed one bankruptcy after the other. Within six years, Debtors have filed ten petitions for bankruptcy. More significantly, nine of those petitions were filed in a period of four years, May 1994 to June 1998. Debtors did not fully prosecute any of their petitions for bankruptcy. The petition that is the subject of this appeal was filed only twenty-four days after the previous petition was dismissed. Furthermore, within a 19–month period, Debtors filed four Chapter 13 petitions with no more than five months and as few as 49 days between filings.

Debtors also stated on the record before the Bankruptcy Court and this Court that they filed at least three petitions to obtain favorable treatment afforded by the automatic stay because they wanted to prevent the same creditor from garnishing Janet Walker's wages. In addition, Bank of America received no payments and was prevented from collecting on their Note from April 1995 to July 1996 despite Debtors' Chapter 13 bankruptcy petitions. Furthermore, the City of Santa Clara believes that the Debtors filed at least seven bankruptcies to prevent the City from shutting off their utilities for failure to pay for the services provided. Whether the City's belief is correct is difficult to determine, but it is certain that the effect of Debtors' serial filings delayed the City's exercise of their rights and remedies.

Furthermore, Debtors have not made an effort to comply with the previous bankruptcy petitions. All eight prior bankruptcy petitions were dismissed; three cases were dismissed for failure to appear at an section 341 meeting of creditors or a hearing regarding a Chapter 13 plan. In three other cases Debtors failed to appear at the initial meeting of creditors. Debtors also failed to make payments under one of their Chapter 13 plans which resulted in the dismissal of the bankruptcy. Debtors also failed to comply with court orders, file appropriate papers and confirm Chapter 13 plans.

The Debtors are clearly abusing the system which was designed to allow debtors to achieve their goal in a single case. The Bankruptcy Court's record indicates that the Debtors' ninth petition was dismissed with prejudice to prevent the Debtors from further abusing the bankruptcy system. Since the record supports the conclusion that the Debtors abused the system and filed the bankruptcy petition in bad faith, the Bankruptcy Court's June 30, 1998 order dismissing the case with prejudice is affirmed.

C. Bankruptcy Court's Abuse of Discretion

■ The Walkers argue that the Bankruptcy Court abused its discretion by denying Debtors request to continue the motion so that they could retain legal counsel. Under Bankruptcy Rule 2002(a)(4), a Bankruptcy Court is required to give the debtors at least 20 days notice by mail. Debtors had more than 20 days notice because on June 1, 1998, Debtors were served with notice of the June 30, 1998 hearing on the UST's motion to dismiss the Chapter 7 case with prejudice. Despite receiving adequate notice, Debtors failed to either file a timely opposition to the UST's motion or retain counsel for the proceeding. Furthermore, despite Debtors' claim that they were unaware of the hearing, Debtors appeared at the hearing with a witness. The Bankruptcy Court afforded the Debtors an opportunity to speak at the hearing. Where the Bankruptcy Court gave proper notice of the hearing but Debtors choose to appear without counsel and where Debtors had an opportunity to speak at the hearing, the Bankruptcy Court did not abuse its discretion by denying Debtors' request for a continuance to obtain counsel.

### D. Vexatious Litigant

#### 1. Debtors as Vexatious Litigants

 A district court has power under the All Writs Act, 28 U.S.C. § 1651(a), to enjoin litigants who abuse the court system. *Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989); *In re Oliver*, 682 F.2d 443, 445 (3rd Cir.1982) (scope of All Writs Act includes district court's issuance of order restricting filing of meritless cases); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2nd Cir. 1982) (Section 1651(a) empowers courts to give injunctive relief against vexatious litigant). Furthermore, "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati*, 878 F.2d at 352. " '[E]ven onerous conditions' may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved." *Id.* (citing *Carter v. United States*, 733 F.2d 735, 737 (10th Cir.1984)). However, the conditions cannot be so burdensome as to deny a litigant meaningful access to the courts. *Tripati*, 878 F.2d at 352.

 In the present case, the UST presented substantial documentation establishing that the Debtors are vexatious litigants. Debtors filed nine petitions in the last four years in addition to a Chapter 13 petition that was filed in 1991. All of Debtors' petitions for bankruptcy appear to arise from the same basic facts and circumstances. The cases and there status are as follows:

1. Chapter 13 Robert and Janet Walker, 91–53761, filed 6/21/91 dismissed on 11/7/91 for failure to appear at hearing regarding Chapter 13 plan;

2. Chapter 7, Robert Walker, 94–32134, filed 5/25/94 dismissed on 10/31/94 for failure to appear at 341 meeting of creditors;

3. Chapter 13, Robert and Janet Walker, 94–34228, filed 11/3/94 dismissed on 1/17/95 for failure to comply with court order;

4. Chapter 13, Robert and Janet Walker, 95–53020, filed 5/11/95 dismissed on 6/21/95 for failure to file required papers;

5. Chapter 13, Robert and Janet Walker, 95–56439, filed 10/2/95 dismissed on 12/11/95 trustee's motion;

6. Chapter 13, Robert and Janet Walker, 96–53882, filed 5/23/96 dismissed on 12/16/96 no confirmed plan;

7. Chapter 13, Janet Walker, 97–50898, filed 2/3/97 dismissed 10/6/97 for failure to prosecute or make plan payments;

8. Chapter 7, Robert and Janet Walker, 97–59161, filed 10/29/97 dismissed on 2/6/98 for failure to appear at 341 meeting of creditors;

9. Chapter 7, Robert and Janet Walker, 98–51561, filed 3/2/98 dismissed on 7/8/98 with prejudice (originally dismissed for failure to file completed schedules), pending;

10. Chapter 7, Robert and Janet Walker, 98–55249, filed 6/30/98, pending. Eight of the ten cases were dismissed because of Debtors' failure to prosecute; the other two are pending. The case at issue here was originally dismissed because Debtors failed to file completed schedules. Case number 98–55249, Debtors' tenth bankruptcy, is pending because it was filed one minute before Judge Grube's hearing to dismiss case number 98–51561 with prejudice.

The large number of bankruptcy petitions initiated by the Debtors suggests that the Debtors are abusing the bankruptcy system without gumption. Furthermore, the number of dismissals for failure to prosecute also supports the conclusion that the Debtors are abusing the system. Accordingly, the Court declares Debtors vexatious litigants.

#### 2. Debtors Future Access to Bankruptcy Courts

 The court should consider six factors to determine whether or not to restrict vexatious litigants future access to the Bankruptcy Court: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation . . . (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties . . . or has posed an unnecessary burden on the

courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *See Safir v. United States Lines, Inc., et. al.,* 792 F.2d 19, 23 (2nd Cir.1986). The final and ultimate factor is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process...." *Id.*

■ Applying the above factors to this case, it is clear that the Walkers' access to Bankruptcy Courts should be restricted. First, Debtors' petitions for bankruptcy were duplicative and vexatious because Debtors repeatedly filed bankruptcy to avoid the same creditors. In addition, the Debtors did not fully prosecute one of their nine petitions for bankruptcy. Second, the Debtors stated that they were motivated by the benefits of the automatic stay; Debtors admitted that at least three petitions were filed to prevent one creditor from garnishing Janet Walker's wages. Third, although the Debtors are not represented by counsel, Debtors have had counsel in the past. In addition, Robert Walker is president of a non-profit organization which files bankruptcies at no charge. Although Debtors are not represented by counsel, they are familiar with the bankruptcy system. Fourth, Debtors have caused needless expense to creditors because they have taken advantage of the automatic stay without fully prosecuting one case. In addition, Debtors have burdened the courts because of their repeated failure to appear at section 341 meeting of creditors or hearings regarding confirmation of Chapter 13 plans and failure to file schedules. Furthermore, Debtors are likely to continue to abuse the system if their access to the Bankruptcy Court is not restricted. Evidence of the Debtors continued abuse is the filing of their tenth petition for bankruptcy one minute prior to the dismissal with prejudice of this Chapter 7 petition.

Accordingly, the Court requires the Debtors to obtain leave of court before filing a petition for bankruptcy. The court finds this condition provides adequate protection to the courts and creditors while not preventing Debtors' right to file a legitimate petition for bankruptcy.

## V. ORDER

Based on the foregoing, the Court hereby orders the following:

1. The Bankruptcy Court's June 30, 1998 order dismissing Debtors ninth petition for bankruptcy with prejudice is affirmed. Debtors, Robert and Janet Walker, are hereby declared to be vexatious litigants. Debtors' access to the Bankruptcy Courts of the United States shall be limited as follows:

 a. Debtors shall notify the clerk of any Bankruptcy Court with whom they desire to file any petition that they have been declared vexatious litigants and of the terms of this order;

 b. Before a petition by Debtors may be filed in any Bankruptcy Court, the clerk shall lodge it with the General Duty Bankruptcy Judge on designee, and may be filed only upon being granted leave to be filed.

 c. Once a petition for bankruptcy has been accepted for filing, Debtors must obtain leave of the Bankruptcy Court before they may voluntarily dismiss the petition.

 d. This Order shall remain in effect for 10 years unless further modified by this Court upon duly noticed motion or Order to Show Cause.