**In re Alex MERAYO, Debtor.**

**No. 4:04–bk–17258M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Jan. 27, 2005.

David D. Coop, North Little Rock, AR, Chapter 13 Trustee.

*ORDER*

JAMES G. MIXON, Bankruptcy Judge.

On June 22, 2004, the Debtor, Alex Merayo, filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. The Debtor had previously filed for chapter 13

relief in Case Number 4:03–bk–15048, which was dismissed by this Court with prejudice by order entered October 7, 2003. There was no appeal from the order of dismissal with prejudice.

The United States Trustee has filed a motion to dismiss the current case on the grounds that the Debtor has filed two previous cases, 4:03–bk–15048, dismissed as stated above on October 7, 2003, and 4:02–bk–19323, which was dismissed on March 10, 2003. The United States Trustee prays that the Debtor be barred from refiling any petition for a period of one (1) year.

On August 13, 2004, the creditors, Tracy Heffington and Tammy Heffington, also filed a motion to dismiss the case with prejudice and a bar to refiling of any case for six years on several grounds, including the ground that the previous case, 03–15048, had been dismissed with prejudice. The Heffingtons also filed an objection to confirmation on August 13, 2004. The Chapter 13 Trustee appeared and filed an objection to confirmation, but did not file a motion to dismiss. That objection was sustained with twenty days to modify.

The Court heard the evidence on the motion to dismiss on October 27, 2004, and took the matter under advisement on the issue of the effect of the previous order of October 7, 2003, that recited the dismissal was with prejudice.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the Court has jurisdiction to enter a final judgment in this case.

## DISCUSSION

The following facts are relevant to a determination of the effect of the October 7, 2003 Order. The Debtor's second bankruptcy petition under chapter 13 was dismissed by order of this court dated October 7, 2003, and the order was not appealed. The order stated in part, "It is therefore ordered, adjudged and decreed that confirmation of the Debtor's plan is denied and the Debtor's case is hereby dismissed with prejudice." (Heffington ex. 17, Order of Dismissal with Prejudice.) The order did not refer to the 11 U.S.C. § 109(g) bar to refiling for 180 days nor did it specify any other period during which the Debtor was barred from refiling a bankruptcy petition.

The Bankruptcy Code provides in relevant part as follows:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a) (2000).

There is no disagreement with the case law interpreting section 349 that a bankruptcy court may for just cause dismiss a case with prejudice that would bar the debtor any relief under any chapter in any subsequent case. 3 Collier on Bankruptcy ¶ 349.02[2] (Alan N. Resnick & Henry J. Sommer, *et al.*, eds., 15th ed. rev.1993). A dismissal with prejudice may bar further bankruptcy proceedings between the parties and may be a complete adjudication of the issues. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1233–24 (9th Cir.1999) (citing *In re Tomlin*, 105 F.3d 933, 936–37 (4th Cir.1997); *In re Penny*, 243 B.R. 720, 727 (Bankr.W.D.Ark. 2000)) (citing *In re Leavitt*, 171 F.3d at 1223–24; *In re Tomlin*, 105 F.3d 933; *In re Frieouf*, 938 F.2d 1099 (10th Cir.1991)).

■ However, the case law is equally clear that dismissing a case with prejudice is a drastic remedy which should only be used in extreme circumstances. *In re Penny,* 243 B.R. at 727 (citing *In re Leavitt,* 209 B.R. 935, 941 (9th Cir. BAP 1997)); *In re Martin–Trigona,* 35 B.R. 596, 601 (Bankr.S.D.N.Y.1983) (citing *Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885, 887 (5th Cir.1968)); 3 Collier on Bankruptcy ¶ 349.02[2] ("the courts should proceed with caution in this area and dismiss with prejudice only when the debtor's conduct is particularly egregious"). The issue before the Court in this case is, however, to determine the meaning of the term "with prejudice" as contained in the October 7, 2003 order.

■ The Fourth Circuit Court of Appeals in a case directly on point determined that the phrase "with prejudice" is sometimes ambiguous. An order dismissing a case with prejudice may be construed by the bankruptcy court in a subsequent case filed by the same debtor. *Colonial Auto Center v. Tomlin (In re Tomlin),* 105 F.3d 933 (4th Cir.1997). In a thorough analysis, the Fourth Circuit held that the bankruptcy court in that case correctly construed the phrase "with prejudice" to mean that the debtor was barred from filing subsequent petitions for the 180–day period contained in 11 U.S.C. § 109(g) because the debtor's conduct was not so egregious so as to warrant a total bar to refiling. In that case, the Court stated the following:

> a bankruptcy court rarely uses its authority to bar the discharge of debts in a later case. See *In re Robinson,* 198 B.R. 1017, 1023 n. 7 (Bankr.N.D.Ga. 1996). In any court, a dismissal order that bars subsequent litigation is a severe sanction warranted only by egre-

gious misconduct. *See Durham v. Florida E. Coast. Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Given that the Bankruptcy Code's "central purpose" is remedial, *i.e.,* to afford insolvent debtors an opportunity to "enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt,' " *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)), such an order is particularly devastating in a bankruptcy case. For this reason, a permanent bar to discharge is at times referred to as the "capital punishment of bankruptcy," for it "removes much of the benefit" of the bankruptcy system. In re Merrill, 192 B.R. 245, 253 (Bankr.D.Colo.1995).

*In re Tomlin,* 105 F.3d at 937.

This Court could not improve on the analysis of Judge Motz in *In re Tomlin* and adopts it completely for purposes of this opinion. Pursuant to section 349, the court has the power to sanction under section 109(g) and its 180–day bar to refiling or to impose a lengthier or permanent bar.

■ In the case at hand, the order dismissing the case with prejudice entered October 7, 2003, was entered at the request of the creditor, Tammy Heffington, because the Debtor failed to appear at the hearing set for a motion to dismiss and an objection to confirmation. No proof of egregious conduct was taken prior to the entry of the order of dismissal and, in fact, no proof at all was taken because the Debtor did not appear.[1]

---

1. That is the Court's recollection of the hearing. The movant in this case has offered no proof that any evidence was taken on the day of the hearing dismissing the case in 2003.

Therefore, the Court finds that under these circumstances, the phrase "with prejudice" was meant to bar a refiling within the 180–day period provided by 11 U.S.C. § 109(g), even though neither the motion to dismiss nor the October 7, 2003 order specifically referred to this code section. This case was filed June 22, 2004, which is more than 180 days after the date of the October 7, 2003 order. Therefore, the motion to dismiss on the basis of the October 7, 2003, order is denied.

A hearing on the Heffingtons' objection to confirmation and motion to dismiss on other grounds, and the motion to dismiss by the United States Trustee will be set by subsequent notice.

IT IS SO ORDERED.