**Robert John FOTI; Joseph Leonard Neufeld; Kenneth Augustine, Plaintiffs–Appellants,**

v.

**MCHUGH, Officer; United States Marshals Service; Federal Protective Service, Defendants–Appellees.**

No. 05–16079.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed Aug. 28, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lisa A. Freitas, Esq., Fenwick & West, LLP, San Francisco, CA, Tyler A. Baker, Esq., Fenwick & West LLP, Mountain View, CA, James P. Harrison, Esq., The First Amendment Project, Oakland, CA, for Plaintiffs–Appellants.

Abraham A. Simmons, Esq., Office of the U.S. Attorney, San Francisco, CA, Tracie L. Brown, Esq., for Defendants–Appellees.

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Plaintiffs-appellants Robert–John:Foti ("Foti"), Joseph Leonard Neufeld, and Kenneth Augustine (collectively, "Appellants") appeal the district court's dismissal of their constitutional claims with prejudice.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the facts are known to the parties, we do not review them here.

 Appellants contend that the U.S. Marshals Service and Federal Protective

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. All three plaintiffs-appellants, acting pro se, submitted opening and reply briefs to this court. This court then appointed pro bono counsel. In a footnote to the replacement opening brief filed by appointed counsel, counsel states that the brief is filed on behalf of Augustine and Foti only, because counsel had been unable to obtain an engagement letter from Neufeld. Because Neufeld did sign on to the original briefs, we do not dismiss his appeal for failure to prosecute. *Cf.* 9th Cir. R. 42–1.

Service, as well as individual security officers, violated Appellants' constitutional rights by refusing them access to the federal building at 450 Golden Gate Avenue in San Francisco, California. The district court properly dismissed Appellants' lawsuit for failure to state a claim because Appellants do not have a constitutional right to enter the federal building anonymously. *See Gilmore v. Gonzales,* 435 F.3d 1125, 1136–39 (9th Cir.2006); *INS v. Delgado,* 466 U.S. 210, 216, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). Because the government's identification policy does not violate Appellants' constitutional rights, we need not address whether the district court properly dismissed Appellants' claims for injunctive relief against the agencies on the basis of sovereign immunity. Additionally, the officers' removal of Foti from the federal building constituted a reasonable seizure, as Foti had attempted to enter the building without complying with the officers' orders. *See United States v. Patterson,* 648 F.2d 625, 632–33 (9th Cir.1981); *see also Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Finally, the officers' use of force was not excessive under the circumstances. *See Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1095–97 (9th Cir.2006). We therefore affirm the dismissal of Appellants' claims.[2]

**AFFIRMED.**

---

2. In a footnote to their counseled opening brief citing no authority and two sentences in their counseled reply brief referring to that footnote and also citing no authority, Appellants assert that the district court should have dismissed their unexhausted claims under the Federal Tort Claims Act without prejudice rather than with prejudice. " 'The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal.' " *United States v. Strong,* 489 F.3d 1055, 1060 n. 4 (9th Cir.2007) (quoting *Hilao v. Estate of Marcos,* 103 F.3d 767, 778 n. 4 (9th Cir.1996)). We deem this argument to be waived.

