**NOT FOR PUBLICATION**

OCT 30 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL LUCIAN ROMAN, AKA Gabriel L. Roman, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JEFFERSON AT HOLLYWOOD LP, DBA Jefferson at Hollywood Apartments; GREYSTAR REAL ESTATES PARTNERS, LLC, <br><br> Defendants - Appellees. | No. 11-56168 <br><br> D.C. No. 2:11-cv-03155-RGK-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 11, 2012[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and W. FLETCHER, Circuit Judges, and PIERSOL, Senior District Judge.***

Appellant appeals the district court's dismissal of his federal Fair Housing Act (FHA) claims against Appellees, the owners of Jefferson at Hollywood Apartments. The parties are familiar with the facts underlying the appeal and thus we do not state them here. We have jurisdiction under 28 U.S.C. §§ 1331 and 1291. We affirm.

The district court properly concluded that Appellant failed to state a claim under the FHA. To show reasonable accommodation discrimination, a plaintiff is required to show that: (1) he suffers a "handicap" as defined by the FHA; (2) defendants knew or should have known of plaintiff's handicap; (3) accommodation "may be necessary" to afford the plaintiff "an equal opportunity to use and enjoy the dwelling"; and (4) defendants refused to make such an accommodation. 42 U.S.C. § 3604(f)(3)(B); *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003).

Appellant alleged that he suffers from depression and anxiety and that Appellees were aware of his condition. But Appellant failed to allege anything

***

*** The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for South Dakota, sitting by designation.

showing that Appellees' waiver of a $75 monthly storage fee was necessary for Appellant's use and enjoyment of his two-bedroom Section 8 apartment, rather than for his live-in caretaker's convenience. *See United States v. Cal. Mobile Home Park Mgmt. Co.,* 107 F.3d 1374, 1381 (9th Cir. 1997) (finding that the plaintiff failed to prove her prima facie case of FHA discrimination because she "failed to show why [her caretaker]'s convenience is necessary for her own use and enjoyment of her home"). *See also Budnick v. Town of Carefree*, 518 F.3d 1109, 1119-20 (9th Cir. 2008).

Appellant also failed to allege anything showing that his second requested accommodation, that he be immediately moved to a top-floor, Section 8 eligible unit, was reasonable or even possible. *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1156 (9th Cir. 2003) (holding that a plaintiff alleging FHA reasonable accommodation discrimination has the burden to show reasonableness or possibility of accommodations). Instead, Appellant's allegations show that no Section 8 eligible top-floor unit was available at the time of his request and that Appellees made reasonable efforts to accommodate Appellant, including placing him on waitlists for other Section 8 units and making arrangements for him to switch his unit with a comparable unit just above his by paying $300 for overall moving expenses.

Regarding Appellant's FHA retaliation claim, Appellant did not allege any facts to show that it was Appellant's request for accommodations, rather than Appellant's persistent harassment of Appellees' leasing staff and other tenants, that caused Appellees to complain to the Los Angeles Housing Authority. *See DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1180 (9th Cir. 2006) (affirming grant of summary judgment to defendants as to plaintiff's FHA retaliation claim in part because of plaintiff's failure to show a "casual link" between his protected activity and defendants' adverse action).

The district court properly declined to exercise supplemental jurisdiction of Appellant's state law claims under 28 U.S.C. § 1367(c)(3). Such jurisdiction is "purely discretionary" once all federal claims have been dismissed. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866-67 (2009).

Finally, the district court did not err in denying Appellant's request to allow Luminita, Appellant's ex-wife and caretaker, to speak on his behalf in court. *See* 28 U.S.C. § 1654. While the Americans with Disabilities Act (ADA) requires state courts to make disability accommodations, the ADA does not apply to federal courts. 42 U.S.C. § 12131(1)(A).

Accordingly, the district court is **AFFIRMED**.

4