NOT FOR PUBLICATION

# FILED

MAR 23 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DANIEL ADAM BORSOTTI,<br>　　　　　　Debtor. | BAP No.　　CC-19-1193-FSG<br><br>Bk. No.　　2:19-bk-12719-VZ |
| DANIEL ADAM BORSOTTI,<br>　　　　　Appellant,<br>v.<br>NATIONSTAR MORTGAGE, LLC;<br>NANCY K. CURRY, Chapter 13 Trustee,<br>　　　　　Appellees. | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: FARIS, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Daniel Adam Borsotti appeals from the

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal

bankruptcy court's orders granting relief from the automatic stay and dismissing his case. He had notice of both motions and opportunities to file papers in opposition, but he did not do so. He argues on appeal that the bankruptcy court wrongly denied him physical access to the court and lacked jurisdiction over him.

The bankruptcy court did not err. We AFFIRM.

## FACTS[2]

### A.     Prepetition events

In March 2008, Mr. Borsotti borrowed $400,000 pursuant to an adjustable rate note and deed of trust concerning real property located in Santa Clarita, California (the "Property"). He defaulted in April 2016.

Mr. Borsotti initiated a chapter 7 case and a chapter 13 case in 2017 and 2018, respectively. Both cases were quickly dismissed.[3]

Appellee Nationstar Mortgage, LLC ("Nationstar"), as the holder of the note, scheduled a foreclosure sale in February 2019.

---

Rules of Bankruptcy Procedure.

[2] We also exercise our discretion to review the bankruptcy court's docket in this case, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[3] Mr. Borsotti requested that we take judicial notice of the two prior bankruptcy cases, in addition to three U.S. district court cases and "the entire bankruptcy cases ever filed." The motions panel granted that request to the extent the merits panel would take judicial notice of the existence of the cases and docket matters in those cases. However, it cautioned that the merits panel would not "read the entire file of each case."

## B.   The current chapter 13 case

Mr. Borsotti, proceeding pro se, filed another chapter 13 petition in March 2019. He claimed that he was the sole owner of the Property and that there were no secured creditors (other than himself). He represented that he was not employed and left blank all income information. He calculated his total monthly expenses as $1,235.

Mr. Borsotti filed his proposed chapter 13 plan, but it was completely blank, other than his signature, followed by "DO NOT CONSENT."

Nationstar objected to confirmation of the plan. It argued that the plan was filed in bad faith and pointed to the two dismissed bankruptcy cases filed within two years of the present case.

Mr. Borsotti filed a motion requesting that the court allow him entry to the courthouse without proof of identification. He apparently did not have government-issued photo identification and the court security officers did not accept his birth certificate or business registration certificate. He claimed that he was "interrogated, assaulted, battered, and harassed." The bankruptcy court denied his motion.

The chapter 13 trustee, Nancy K. Curry ("Trustee"), represented that Mr. Borsotti appeared at his § 341 meeting of creditors without an acceptable form of photo identification and proof of his social security number. She continued the meeting, but Mr. Borsotti again refused to provide proper identification and proof of his social security number and refused to answer her questions or allow her to administer the oath. She

continued the meeting once more. Mr. Borsotti maintains that he was always courteous and reasonable, but the Trustee yelled at him and treated him disrespectfully.

## C.    Nationstar's motion for relief from the automatic stay

Nationstar filed a motion for relief from the automatic stay ("Stay Relief Motion"). It argued that Mr. Borsotti had filed the case in bad faith and sought in rem relief under § 362(d)(4).

Mr. Borsotti sought an extension of time to file his response. He argued that he had requested but not yet received Americans with Disabilities Act ("ADA") paperwork. He also represented that the Trustee had offered to provide him with new evidence, but she had not done so. The bankruptcy court denied the request for an extension of time, and Mr. Borsotti did not file any further response.

The bankruptcy court noted that the Stay Relief Motion was unopposed. It granted the motion under §§ 362(d)(1) and (d)(4), finding that the petition was part of a scheme to hinder, delay, or defraud creditors because the Property was involved in multiple bankruptcy cases and Mr. Borsotti was involved in the scheme.

## D.    The Trustee's motion to dismiss

While the Stay Relief Motion was pending, the Trustee filed a motion to dismiss the case with prejudice ("Motion to Dismiss"). She argued that Mr. Borsotti filed the petition in bad faith because he failed to file a complete plan, did not propose any plan payment, and did not have any

4

net monthly income with which to fund a chapter 13 plan. She pointed out that he had filed two other petitions in the past two years. She also argued that Mr. Borsotti failed to cooperate at the § 341 meeting of creditors.

Mr. Borsotti requested an extension of time to respond to the Motion to Dismiss. He maintained that he had been barred from online access to the court's docket and physical access to the courthouse. He contended that his disabilities prevent him from comprehending the court's rules and proceedings and that he needed an ADA advocate.

The court did not immediately rule on the request for an extension of time. Mr. Borsotti did not file any further response.

The bankruptcy court held a hearing on the Motion to Dismiss. Mr. Borsotti did not appear, and the bankruptcy court dismissed the case.[4]

The following day, Mr. Borsotti filed a motion to voluntarily dismiss his case. He said that he "lack[ed] the capacity to litigate this case."

That same day, the bankruptcy court entered an order granting the Motion to Dismiss and dismissing the chapter 13 case. It also required Mr. Borsotti to obtain court approval before filing another bankruptcy case. It later denied his motion for voluntary dismissal as moot.

Mr. Borsotti filed a timely notice of appeal from the orders granting the Stay Relief Motion and the Motion to Dismiss.[5]

---

[4] The hearing is not noted on the bankruptcy court's docket. However, the Trustee represented that her staff attorney was present and Mr. Borsotti did not appear.

[5] In response to the panel's order setting this case on the non-hearing calendar,

5

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court erred in granting Nationstar relief from the automatic stay.

(2) Whether the bankruptcy court erred in dismissing Mr. Borsotti's chapter 13 case.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's orders dismissing a case and granting relief from the automatic stay. *See Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999); *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief

Mr. Borsotti filed a paper in which he (among other things) argued that the denial of in-person oral argument violated his due process rights because he needed to present evidence, and he demanded information such as the taxpayer identification numbers of the judges on the panel, an explanation of the other cases on the calendar, and the definition of "each and every word, phrase, and expression . . . that of a 4th grade[r] can comprehend." We reject this request. The BAP has discretion to decide matters without a hearing. Rule 8019(b); 9th Cir. BAP Rule 8019-1. Mr. Borsotti has no right to present evidence to an appellate forum, and the panel has no obligation to provide any of the information he requests.

requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.  The bankruptcy court did not err in granting Nationstar relief from the automatic stay.**

Mr. Borsotti does not address any of the bankruptcy court's reasons for granting Nationstar relief from the automatic stay. We discern no error.

The bankruptcy court may grant relief from the automatic stay under § 362(d)(1) when the movant demonstrates "cause" for relief. *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003). The statute does not define what constitutes cause for relief from the stay. Instead, cause is determined on a case-by-case basis. *Id.*

Section 362(d)(4) allows the bankruptcy court to "grant *in rem* relief from the automatic stay . . . to prevent schemes using bankruptcy to thwart foreclosures through one or more real property transfers or bankruptcies." *Jimenez v. ARCPE 1, LLC (In re Jimenez)*, 613 B.R. 537, 545 (9th Cir. BAP 2020). If the order is properly recorded, it can be binding "in any other bankruptcy case filed in the next two years purporting to affect the same real property." *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 870. Relief under this subsection requires the movant to prove three elements:

7

First, debtor's bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property.

*Id.* at 870-71.

Nationstar sought stay relief on the basis that Mr. Borsotti had filed multiple bankruptcy cases affecting the Property and that those cases were part of a scheme to delay, hinder, or defraud creditors.

It is undisputed that Mr. Borsotti had filed three bankruptcy cases in a two-year period. The bankruptcy court found that his multiple cases were part of a scheme to delay, hinder or defraud creditors and that Mr. Borsotti was involved in this scheme. Mr. Borsotti did not file any opposition to the Stay Relief Motion. The bankruptcy court did not abuse its discretion in granting the Stay Relief Motion.[6]

## B.    The bankruptcy court did not err in dismissing the chapter 13 case.

Mr. Borsotti does not address most of the bases for dismissal of his

---

[6] Nationstar argues that the notice of appeal was defective because it misidentified the orders on appeal. We will overlook this technical error. *Cf. Le v. Astrue*, 558 F.3d 1019, 1022-23 (9th Cir. 2009) (Even if an order "'does not appear on the face of the notice of appeal,' we consider: '(1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake.'" (quoting *Lolli v. Cty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003))). It was fairly obvious that Mr. Borsotti intended to appeal the orders granting relief from stay and dismissing the case, even though he listed the wrong date, and Nationstar had the opportunity to brief the issue.

case. We discern no error.

Under § 1307(c), the bankruptcy court may dismiss a chapter 13 case or convert it to a chapter 7 case for cause, whichever is in the best interests of creditors and the estate. Although not specifically stated in the statute, "[a] Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c). To determine if a petition has been filed in bad faith courts are guided by the standards used to evaluate whether a plan has been proposed in bad faith." *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir. 1994) (citations omitted). "The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994).[7]

The Trustee argued that dismissal was warranted because Mr. Borsotti filed the case in bad faith, did not cooperate with the Trustee at the § 341 meeting of creditors, and was not eligible for chapter 13 relief because he did not have a regular source of income.

---

[7] The Ninth Circuit has instructed that courts are to consider the "totality of the circumstances" when dismissing a case for bad faith. Those factors include:

> (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner,"
> (2) "the debtor's history of filings and dismissals,"
> (3) whether "the debtor only intended to defeat state court litigation," and
> (4) whether egregious behavior is present.

*In re Leavitt*, 171 F.3d at 1224 (citations omitted).

On appeal, Mr. Borsotti does not address the first and third points. He only contends that he attempted to comply at the § 341 meeting of creditors, but the Trustee was belligerent and refused to accept his birth certificate as valid proof of identification.

The debtor must provide valid photo identification if requested at the meeting of creditors. Section 521(h) requires that, on request of the trustee, the debtor shall provide "a document that establishes the identity of the debtor, including a driver's license, passport, or other document that contains a photograph of the debtor" or other similar identification. Similarly, Rule 4002(b)(1) provides that a debtor must bring to the § 341 meeting of creditors: (1) "a picture identification issued by a governmental unit" or other information that establishes the debtor's identity; and (2) evidence of the debtor's social security number or a written statement that such document does not exist. Rule 4002(b)(1). As the bankruptcy court cautioned Mr. Borsotti in his first bankruptcy case, "[b]irth certificates do not contain pictures and do not constitute valid identification for debtors, as the Trustee cannot determine from that document whether the debtor is the person identified in that certificate." *In re Borsotti*, Case No. 2:17-bk-16088-BB, 2017 WL 4117322, at *3 (Bankr. C.D. Cal. Sept. 14, 2017).

Mr. Borsotti's refusal to cooperate with the Trustee and provide valid photo identification warrants dismissal. Additionally, his blank plan, inaccurate and incomplete schedules, and his lack of a regular income also

evidence bad faith and are independent bases for dismissal. Finally, we note that Mr. Borsotti filed his own motion to dismiss the case; thus, he agreed (at least at one time) with the dismissal of his case. The bankruptcy court did not err.

## C. Mr. Borsotti's other arguments are meritless.

Rather than directly address the two orders on appeal, Mr. Borsotti raises a host of other issues in his briefs. None of his arguments suggest reversible error.

Mr. Borsotti argues that the court improperly barred him from the courthouse by requiring him to provide photo identification. But federal courts may require photo identification of anyone entering their facilities. *Foti v. McHugh*, 247 F. App'x 899, 901 (9th Cir. 2007) ("Appellants do not have a constitutional right to enter the federal building anonymously."). Further, Mr. Borsotti could have asserted his legal contentions without entering the courthouse by mailing to the clerk written oppositions to the motions, but he failed to do so.

Relatedly, Mr. Borsotti argues that courthouse security assaulted and battered him and that various bankruptcy and non-bankruptcy judges, the Trustee, and the court clerks were hostile to him. Even if he proved these allegations, they would not excuse his many failings that led to the bankruptcy court's orders, such as his failure to provide identification at the § 341 meeting as required by statute, his filing of a blank chapter 13 plan, and his lack of any net income with which to make plan payments.

11

Mr. Borsotti argues that he has a mental disability and did not understand the court orders, rules, and law. Although a court may give him some leeway as a pro se litigant, the court is always a neutral arbiter that should not help any party prosecute the bankruptcy case. Contrary to Mr. Borsotti's arguments, the ADA does not apply to the federal courts. *See Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("While the [ADA] requires state courts to make disability accommodations, the ADA does not apply to federal courts.").

Mr. Borsotti argues that the bankruptcy court lacked jurisdiction over him. This argument is absurd on its face. When he filed his bankruptcy petition, he voluntarily submitted himself to the court's jurisdiction. Moreover, his contention that he is a "sovereign citizen" not bound by the laws of the United States is "frivolous, irrational and unintelligible." *United States v. Alexio*, No. CR 13-01017 JMS, 2015 WL 4069160, at *2 (D. Haw. July 2, 2015) (citation and alterations omitted).[8]

## CONCLUSION

The bankruptcy court did not err. We AFFIRM.

---

[8] Mr. Borsotti requests that we take judicial notice of hundreds of pages of documents that assert a sovereign-citizen-type position. We decline to do so.