
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ROBERT JACOB KULICK,<br>　　　　　　　Debtor. | BAP No. CC-22-1114-FTL<br><br>Bk. No. 9:21-bk-10017-RC |
| ROBERT JACOB KULICK,<br>　　　　　　　Appellant,<br>v.<br>LEISURE VILLAGE ASSOCIATION,<br>INC.,<br>　　　　　　　Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Ronald A. Clifford III, Bankruptcy Judge, Presiding

Before: FARIS, TAYLOR, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

After debtor Robert Jacob Kulick obtained dismissal of his third

chapter 13[1] case, creditor Leisure Village Association, Inc. ("Leisure

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

Village") sought a two-year refiling bar. The bankruptcy court agreed in part and barred Mr. Kulick from refiling a bankruptcy petition through the end of 2022, a period of about ten months.

Mr. Kulick appeals the bankruptcy court's refiling bar. We discern no error and AFFIRM.

## FACTS[2]

### A.    Mr. Kulick's prior litigation

In 2013, Leisure Village filed a breach of contract lawsuit against Mr. Kulick and obtained a state court judgment for approximately $430,000. Mr. Kulick paid that judgment in full but then sued Leisure Village and others in state court for defamation. The defendants eventually prevailed against Mr. Kulick in the superior court and on appeal and were awarded attorneys' fees and costs totaling $504,965 plus interest. Leisure Village holds a judgment lien against Mr. Kulick's residential real property located in Camarillo, California.

During the second lawsuit, Mr. Kulick filed two chapter 13 petitions. He filed his first petition in January 2018, which the court dismissed on his motion in April of that year. He filed another petition in October, which he

---

[2] Mr. Kulick did not provide us with any excerpts of record, other than the hearing transcript. We exercise our discretion to review the court's docket, as appropriate, *see Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008), but we have not "scour[ed] the record to try to make [appellant's] case[,]" *Wells Fargo Bank, N.A. v. Loop 76, LLC (In re Loop 76, LLC)*, 465 B.R. 525, 545 (9th Cir. BAP 2012), *aff'd*, 578 F. App'x 644 (9th Cir. 2014).

again voluntarily dismissed a month later.

Additionally, Mr. Kulick filed at least five complaints against Leisure Village in the U.S. District Court for the Central District of California between 2018 and 2020. The district court dismissed each of those cases in short order.

**B.      Mr. Kulick's current chapter 13 case**

In January 2021, with the aid of counsel, Mr. Kulick filed another chapter 13 petition. He filed a chapter 13 plan (and an amended plan) to which the chapter 13 trustee ("Trustee") and Leisure Village objected.

Just before the third hearing on plan confirmation, Mr. Kulick filed a motion for voluntary dismissal. The bankruptcy court granted the motion and dismissed the case.[3]

**C.      Leisure Village's motion to impose a bar on refiling**

On May 5, 2022, Leisure Village filed a motion to bar Mr. Kulick from refiling a bankruptcy petition for two years ("Motion"), pointing to his "history of bankruptcy filings, misrepresentations of assets and liabilities, and egregious conduct . . . ."

Leisure Village characterized Mr. Kulick as a "serial chapter 13 filer, who has demonstrated no intent to reorganize his financial affairs and instead only abuses the bankruptcy process to hinder and delay [Leisure Village's] judgment collection efforts." It pointed out various misleading or

_____

[3] Two days after the bankruptcy court granted the motion to dismiss, the case was reassigned from Judge Saltzman to Judge Clifford.

untrue statements, as well as an undisclosed apartment lease and unscheduled assets such as cash and jewelry. It also outlined his attempts to avoid any inquiry into his assets and frustrate the § 341 meeting of creditors and Rule 2004 examination. It argued that, based on the totality of the circumstances, Mr. Kulick abused the bankruptcy process and should be barred from refiling a bankruptcy petition for at least two years.

Mr. Kulick opposed the Motion and argued that he filed the petition in good faith with the intent to save his home from foreclosure. He said that he had no plans to file another bankruptcy petition. He explained that his deceased wife owned the unscheduled jewelry and that he could not locate it. He also said that he had not resided at the rental apartment since 2000 and kept it only as a "safe house" in the event of a natural disaster. He argued that his conduct was not so egregious as to warrant a lengthy refiling bar. He pointed to his medical disabilities and his good faith efforts to save his home from foreclosure.

Before the hearing on the Motion, the bankruptcy court issued a tentative ruling and published it on its public calendar. The court did not, however, place the tentative decision on the docket.

At the hearing, Leisure Village pointed out that Mr. Kulick had filed approximately seven district court cases and three bankruptcy court cases, which showed egregious conduct that called for an extended bar on refiling. Mr. Kulick's counsel countered that Mr. Kulick had filed the present chapter 13 case in good faith and intended to use exempt assets to

4

fund his chapter 13 plan. Speaking for himself, Mr. Kulick echoed his counsel's statements and explained his learning and medical disabilities to the court. He also told the court that, if "you still will permit me to have my six months' bar date, well, then I would accept that, Your Honor, but I don't think it's fair that I should be barred for a year."

The bankruptcy court ruled from the bench. It adopted the reasoning of its tentative ruling but revised the length of the refiling bar. It stated that it did not believe that "Mr. Kulick is without fault here or that the allegations made hold no merit[,]" but it was "of the mindset that there do seem to be some factors here that seem to at least weigh into some of the things that Mr. Kulick has done including his age and what appear to be serious health issues . . . ." It thus granted the Motion and imposed a bar on refiling a bankruptcy petition under any chapter from the date the case was dismissed (February 16, 2022) through the end of the year.

## D.    The appeal to the BAP

Mr. Kulick, proceeding pro se, timely appealed. The notice of appeal requested a stay of the bankruptcy court's order, which was "in retaliation/an abuse of judicial court authority & Unconstitutional."

Additionally, Mr. Kulick filed numerous motions before the BAP. In one motion, he argued that Leisure Village was not a proper appellee and that only the bankruptcy court should be a party to the appeal. In another, he sought an injunction to stay foreclosure of his property.

On July 8, 2022, the BAP motions panel entered an order (the "July 8

5

Order") that denied Mr. Kulick's motions and required him to complete the record on appeal and pay certain fees by a deadline. The July 8 Order provided that, if Mr. Kulick did not comply, the BAP would dismiss the appeal "without further notice to the parties." Mr. Kulick complied with the Panel's order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in granting the Motion and barring Mr. Kulick from refiling a bankruptcy petition through December 31, 2022.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's decision to impose a refiling bar following dismissal. *In re Bayati*, BAP No. CC-16-1072-KiTaKu, 2016 WL 5848892, at *3 (9th Cir. BAP Oct. 5, 2016) ("The decision to dismiss a bankruptcy case with prejudice and impose a filing bar is also reviewed for abuse of discretion.").

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without

6

support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

Mr. Kulick filed three informal briefs that identify the bankruptcy court's order granting the Motion as the basis for the appeal. His substantive arguments are difficult to understand, but they seem to focus on naming the bankruptcy court as an appellee, asserting undefined bias by the court and the Trustee, and referencing matters presented in district court cases. None of his arguments suggest reversible error.

**A.    The bankruptcy court did not err in imposing a limited bar on refiling.**

Although the Bankruptcy Code does not explicitly authorize the bankruptcy court to bar a debtor from refiling a petition for a particular amount of time, we have previously stated that "[s]ection 349(a)[4] is not ambiguous, and plainly provides that the bankruptcy court may, at its discretion and for cause, bar the discharge of existing debt. Inherent in this authority is the power to bar subsequent bankruptcy petitions that seek to discharge such debt." *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 942 (9th Cir.

---

[4] Section 349(a) provides:

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

7

BAP 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999). In other words, the bankruptcy court may "dismiss a bankruptcy case with a bar preventing a debtor from re-filing in cases of abuse. . . . [T]he issue of the length of the bar is a matter for the Court's discretion." *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007); *see also TICO Constr. Co. v. Van Meter (In re Powell)*, 644 B.R. 181, 187 (9th Cir. BAP 2022) (recognizing that a chapter 13 debtor has a right to dismiss his petition, but the bankruptcy court can prevent abuse by "impos[ing] a bar on refiling or other conditions under § 105").

The bankruptcy court did not place its findings on the record at the hearing on the Motion. It largely adopted its tentative ruling that was part of the court's calendar but never docketed. It directed counsel not to attach a copy of the tentative ruling to the order. As a result, the tentative ruling is not formally part of the record and not readily accessible to the public or to litigants who are unfamiliar with this bankruptcy court's practices.

We frequently affirm orders where the appellant fails to provide an adequate record for us to review. *See Goldstein v. Weeks St., LLC*, No. 16-CV-00856-BLF, 2017 WL 567254, at *7 (N.D. Cal. Feb. 13, 2017) ("[A] lack of an adequate record does not mandate an automatic dismissal but rather, provides this Court the discretion to dismiss the appeal on this basis."), *aff'd sub nom. In re Weeks St., LLC*, 764 F. App'x 602 (9th Cir. 2019); *see also McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999) (stating that the requirement to provide an adequate record on review is "mandatory, not optional"); *Burkhart v. FDIC (In re Burkhart)*, 84 B.R. 658,

660 (9th Cir. BAP 1988) ("The responsibility to file an adequate record also rests with the Appellants."). We will overlook this point for three reasons. First, Mr. Kulick is proceeding pro se and may not have understood the importance of placing the tentative ruling in the record. Second, the bankruptcy court took an affirmative step to keep the tentative ruling out of the formal record (when it told appellee's counsel not to attach the tentative ruling to the order). Third, we are aware that the bankruptcy court sometimes places tentative rulings on its online calendar and not on its docket. Therefore, we are able to access it. (A copy of the tentative ruling is attached to this memorandum.)

The reasons given in the tentative ruling are sufficient to justify a refiling bar. Mr. Kulick's conduct clearly supported a finding of bad faith or abuse of the bankruptcy process. He filed three bankruptcy cases for the express purpose of frustrating Leisure Village's attempts to enforce its judgment lien. He never seriously tried to confirm a chapter 13 plan; instead, he voluntarily dismissed each case when Leisure Village and the trustees began to scrutinize his schedules and the details of his plan. Furthermore, Leisure Village and the Trustee pointed out his failure to provide information about his income and assets and his multiple false statements in his schedules; he does not dispute that he failed to schedule valuable assets such as jewelry and cash and a long-term lease of another property. The record establishes his egregious conduct and his attempts to manipulate the bankruptcy process. A refiling bar through the end of 2022

9

was not an abuse of discretion.

On appeal, Mr. Kulick does not take issue with anything related to the bar on refiling. This is a sufficient basis to affirm the bankruptcy court's order. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

Construing his briefs liberally, Mr. Kulick argues that the bankruptcy court (specifically, Judge Saltzman) and the Trustee exhibited bias toward him and denied him due process; that he has debilitating health issues, and the bankruptcy court and the parties violated the Americans with Disabilities Act; and that he is a veteran who loves the United States of America and its Constitution. None of these arguments demonstrate any error in the bankruptcy court's decision to impose a refiling bar. He offered no evidence that the bankruptcy court was biased against him. He said that he could tell that Judge Saltzman hated him by the way she looked at him; but this is not evidence and, in any event, Judge Saltzman did not enter the order on appeal. The Americans with Disabilities Act does not apply to the federal courts. *See Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("While the [ADA] requires state courts to make disability accommodations, the ADA does not apply to federal courts."). Mr. Kulick's military service, while laudable, does not exempt him from the consequences of his failure to pay his debt to Leisure Village. He was not denied due process.

10

**B.**     **The BAP motions panel did not deprive Mr. Kulick of any due process or constitutional right in denying his motions on appeal.**

Mr. Kulick's three informal briefs challenge the BAP motions panel's July 8 Order. We see no reason to alter that order. The bankruptcy court was not a proper appellee: the court before which an action is pending is never a party to the action; and the court that entered an order is never a party to an appeal from that order. Mr. Kulick did not satisfy the standard for a stay pending appeal. And the Panel did not deny him due process when it warned that, if he did not comply with the order, the Panel would dismiss the appeal without further notice. Notice is of course an essential attribute of due process, but the Panel gave him notice when it entered the July 8 Order. Due process did not require us to give him a second notice when he failed to comply. More importantly, however, Mr. Kulick complied with the July 8 Order, so we did not dismiss his appeal. His challenge to the "without notice" provision of the order is hypothetical at best.

## CONCLUSION

The bankruptcy court did not abuse its discretion. We AFFIRM.

**Thursday, May 26, 2022**                                             **Hearing Room**      **201**

11:00 AM
**9:21-10017   Robert Jacob Kulick**                                                        **Chapter 13**

    **#3.10**    Hearing
            RE: [77] Motion - NOTICE OF MOTION AND MOTION TO IMPOSE REFILING
            BAR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF
            HOWARD I. CAMHI AND JEFF F. TCHAKAROV IN SUPPORT THEREOF

                         Docket       77

**Tentative Ruling:**

    **May 26, 2022**

    **Appearances required.**

    *Background*

Debtor Robert Jacob Kulick ("Kulick") and the movant, creditor Leisure Village
Association, Inc. ("Leisure Village"), have been engaged in litigation since Leisure
Village filed a breach of contract lawsuit against Kulick in November 2013 (the "First
State Court Action").  Leisure Village is the homeowners' association for Kulick's
real property located at 38122 Village 38, Camarillo, CA 93012 (the "Camarillo
Residence"). In February 2016, the Debtor filed a defamation lawsuit against Leisure
Village and several individual defendants in the Ventura County Superior Court, (the
"Second State Court Action").  *See* Tchakarov Decl., ¶ 4.  Leisure Village ultimately
obtained a judgment against Kulick in the First State Court Action for approximately
$430,000.00, (the "First Judgment").  *See* Docket No.77, Declaration of Jeff
Tchakarov, Esq. (the "Tchakarov Decl."), ¶ 3.  On January 29, 2018, Kulick filed a
Chapter 13 case with this Court, Case No. 9:18-bk-10119, which he voluntarily
dismissed on April 12, 2018 (the "First 2018 Case").  On October 1, 2018 Kulick filed
Chapter 13 Case No. 9:18-bk-11609, (the "Second 2018 Case"), which he voluntarily
dismissed on November 8, 2018.

In December 2019, Kulick paid the First Judgment in full.  *See* Docket No.77, Ex. A.
In July 2020, Leisure Village obtained a judgment against the Debtor in the Second
State Court Action for $504,965 (the "Second Judgment").  *See* Tchakarov Decl. ¶ 5,
Ex. B.  On August 18, 2020, Leisure Village subsequently recorded the abstract of
judgement with the Ventura County clerk resulting in a judgment lien (the "Judgment

<u>11:00 AM</u>
**CONT...        Robert Jacob Kulick                                                                          Chapter 13**

Lien") against the Camarillo Residence.  *See* Tchakarov Decl. ¶ 6, Ex. C.  On January 9, 2021 Kulick filed the instant Chapter 13 case (this "Third Case").  On February 15, 2022, Leisure Village filed a *Notice of Intent to Seek Conversion to Chapter 7. See* Docket No. 62.  On the same date, Kulick filed *Debtor's Motion for Voluntary Dismissal of Chapter 13 Case* (the "Motion to Dismiss").  *See* Docket No.63.  The order dismissing this Third Case was entered on February 16, 2022.  *See* Docket No. 64.

Leisure Village has now filed the *Motion to Impose a Refiling Bar* (the "Motion') in which they allege that Kulick's history of bankruptcy filings, misrepresentations of assets and liabilities, and egregious conduct with respect to this Court, Leisure Village and its counsel constitute good cause to set a bar on the Debtor's refiling of a bankruptcy case pursuant to 11 U.S.C. § 349(a) and applicable case law for no less than two (2) years.  *See* Docket No.77, p.2, lines 10-14.

*Legal Standard*

Pursuant to 11 U.S.C. § 349(a), "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."  "Section 349(a) is not ambiguous, and plainly provides that the bankruptcy court may, at its discretion and for cause, bar the discharge of existing debt. Inherent in this authority is the power to bar subsequent bankruptcy petition that seek to discharge such debt." *In re Leavitt*, 209 B.R. 935, 942 (9th Cir. BAP 1997).

For Chapter 13 cases, Section 1307(b) of the Bankruptcy Code provides that "[o]n request of the debtor at any time, if the case has not been converted [], the court shall dismiss a case under this Chapter.

While the Motion to Dismiss was approved as required by the Court, the *Order and Notice of Dismissal Arising from Debtor's Request for Voluntary Dismissal of Chapter 13* specifically provides that "the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349 and 362, and to any additional extent provided by law."  *See* Docket No. 64.  Courts in this Circuit have dismissed

11:00 AM
**CONT...        Robert Jacob Kulick**                                                                      **Chapter 13**

cases, as requested by the debtor, but have also retained jurisdiction on issues related to, *inter alia*, bars to refiling.  *In re Leavitt*, 209 B.R. at 937.

"'Cause' under § 349 has not been defined by the Code. A review of the case law indicates that 'egregious' conduct must be present, but that a finding of bad faith constitutes such egregiousness." *Id.* at 939.  At bottom, the Ninth Circuit instructs bankruptcy courts to conduct a totality of the circumstances test in determining bad faith.  *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999).  The Ninth Circuit has held that the factors the bankruptcy court should consider in this totality of the circumstances test are: (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner;" (2) "the debtor's history of filings and dismissals;" (3) whether "the debtor only intended to defeat state court litigation;" and (4) whether egregious behavior is present.  *Id.*

*Analysis*

> *Whether the Debtor Misrepresented Facts in His Petition or Plan, Unfairly Manipulated the Bankruptcy Code, or Otherwise Filed His Chapter 13 Petition or Plan in an Inequitable Manner*

Leisure Village alleges that the Petition and Schedules filed in this case were incomplete and far less than forthright due to misrepresentations and omissions committed by Kulick. Specifically, Leisure Village argues that Kulick failed to disclose that he leases an apartment located at 1377 S. Beverly Glen Blvd., Apt. 405, Los Angeles, CA 90024 (the "Los Angeles Residence") for $1,874.00 per month on Schedule G and that Schedule J listed a peculiar "Savings" expense of $2,200.00 until counsel for the Leisure Village inquired about the lease obligations at the initial 341(a) meeting held on March 10, 2021.  *See* Docket No. 12;  Camhi Decl. ¶ 3.

Leisure Village also alleges that Kulick misrepresented the status of his business entities and also had undisclosed assets and income.  *See* Tchakarov Decl. ¶ 20.  The Petition states that Kulick has not used any business names or EINs in the last 8 years (Petition, Part I, Q. 4) and Kulick is not a sole proprietor (Petition, Part III, Q. 12). However, Schedule A/B discloses that Kulick has a 100% ownership interest in six (6) business entities [Docket. No. 12] and Kulick sued Leisure Village in the Second State Court Action as "Robert J. Kulick dba Leisure Village News."  Leisure Village

**United States Bankruptcy Court**
**Central District of California**
**Northern Division**
**Ronald A Clifford III, Presiding**
**Courtroom 201 Calendar**

**Thursday, May 26, 2022**                                    **Hearing Room    201**

11:00 AM
**CONT...         Robert Jacob Kulick**                                          **Chapter 13**

further asserts that Kulick has undisclosed assets and income from his involvement in jewelry inventory and sales through his businesses East Asia Gems, Ltd and Jewelry Club of America.  Docket No. 77, p.12, lines 4-14.   Specifically, Leisure Village claims that Kulick's prior Chapter 13 case (Case No. 18-11609), Schedules A/B [Docket. No. 1] lists jewelry inventory of another one of his deceased wife's businesses, Jewelry Club of America worth $69,442.  However, Kulick could not recall the location of said proceeds or records of the jewelry sales.  *See* Ex. K, Deposition transcript, 54, 58-59.  Leisure Village also alleges that Kulick failed to disclose "residual" income from "Ginnie Mae certificates of deposit, in addition to his Social Security income and VA benefits in the schedules.  Ex. K., p. 59, and Dkt. No. 12.  When asked about the approximate amount of the undisclosed residual income, Kulick could not recall.  Ex. K., p. 60. Furthermore, Leisure Village claims that Kulick admitted to being actively involved in Leisure BRK Enterprises CA-1, which is the Debtor's "dba" and a pass-through entity for proceeds from real estate investments to be diverted to tax-exempt third parties.  Ex. K Depo Tr., pp. 24-29.

In opposition of Leisure Village's claims regarding the undisclosed jewelry inventory, Kulick asserts that he failed to list the jewelry because he does not believe it is in his possession since he has trouble locating where his now deceased wife stored the inventory.   See Docket No. 79, p. 3, lines 8-19.  Regarding the Los Angeles residence, Kulick states that he signed the lease agreement in 1979 and that he and his wife lived there until the year 2000.   *Id.* at lines 21-22.  Although he retained the apartment after moving to the Camarillo residence Kulick asserts that his failure to disclose the lease in his schedules was an oversight, which he corrected once the discrepancy was brought to his attention. *Id.* at lines 21-28; p.3 lines 1-3.

It is clear that the Kulick's disclosures in his bankruptcy schedules have been inaccurate, at best.   There appears to the Court to have been a pattern of filing inaccurate schedules by Kulick with this Court in the prior Chapter 13 cases.  The inaccurate disclosures when viewed singularly may not rise to the level of bad faith or egregious conduct, but when viewed as a whole, the Court views this factor as breaking in favor of the Motion.

*The Debtor's History of Filings and Dismissals*

Throughout the course of litigation with Leisure Village, Kulick has filed three (3)

11:00 AM

**CONT...        Robert Jacob Kulick                                                                Chapter 13**

Chapter 13 bankruptcy cases in the Central District of California, Northern Division since January 2018, all of which he has dismissed. Regarding the First Case, Kulick asserts that he requested dismissal when it became clear that he would not be able to propose a feasible plan. *Id.* at p. 2, lines 14-15. He further asserts that he received a $223,722 award from the VA for past due disability compensation after the First Case was dismissed which he believed would allow him to be able to propose a feasible plan. *Id.* at lines 22-23. Kulick filed the Second Case approximately six (6) months after dismissal of the First Case, which required him to file a motion to impose the automatic stay. However, Leisure Village opposed the motion and the court ultimately denied Kulick's request to impose the stay. Kulick dismissed the second case because "without the protection of the stay, he concluded that there would be no benefit of continuing the case." *Id.* at lines 19-25.

On January 9, 2021 Kulick filed this Third Case. On February 15, 2022, Leisure Village filed a *Notice of Intent to Seek Conversion to Chapter 7*. *See* Docket No. 62. On the same date, Kulick filed the Motion to Dismiss.

In support of the Court's authority to dismiss a case with a bar to refiling, Leisure Village cites a number of cases (i.e., *In re Craighead*, 377 B.R. 648 (Bankr. N.D. Cal. 2007); *In re Duran*, 630 B.R. 797 (BAP 9th Cir. 2021); *In re Ross*, 858 F.3d 779 (3d Cir. 2017); *In re Sinischo*, 561 B.R. 176 (Bankr. D. Colo. 2016) and *In re McInnis*, No. BAP NC-17-1336-FBKU, 2018 WL6565413 (BAP 9th Cir. Dec. 10, 2018)). The Court finds this Third Case distinguishable from the cases cited regarding the number of filings and the succession of the repeated filings. In this case, Kulick has filed three (3) Chapter 13 bankruptcy cases between January 2018 and January 2021. Two (2) of the three (3) cases were filed in the year 2018, however, Kulick filed this Third Case over two (2) years after the Second Case. In *Craighead* the Debtor and his family filed twenty-two cases in the prior decade with six (6) being filed by the debtor himself. *See In re Craighead*, 377 B.R. 648, 651 (Bankr. N.D. Cal. 2007). In *Sinischo*, the debtor made numerous omissions and filed "several Plans in bad faith." In that case, the court only imposed a 180-day bar to refiling. What is more, here, Kulick paid the Judgment from the First State Court Action in full in December 2019.

*Whether the Debtor Only Intended to Defeat State Court Litigation*

Leisure Village alleges that Kulick filing the third case shortly after they obtained

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

**Thursday, May 26, 2022**                                    **Hearing Room      201**

**11:00 AM**
**CONT...        Robert Jacob Kulick**                                    **Chapter 13**

their judgement in the Second State Court Action was a clear attempt to frustrate their collection efforts. In the Opposition to the Motion (the "Opposition") Kulick contends that he filed this case in good faith and to retain his home. Docket No.79, p.1, line 26. According to the Opposition, Kulick intended to completely avoid a senior judgment lien and partially avoid the Leisure Village's lien, pursuant to § 522(f) and the remaining amount that could not be avoided would be paid in full through the [Debtor's] plan. He further stated that he intended to devote largely exempt funds into the plan to pay creditors. *Id.* at p.2, lines 1-5.

On February 1, 2021, Kulick filed a Chapter 13 plan which proposed to pay Leisure Village approximately $115,000 of its $504,965.00 claim in Class 3B. Docket No.15, p.6-7. Kulick also included his intent to file a separate motion to avoid creditor, Leisure Village's judgment lien pursuant to under 11 U.S.C. section 522(f) in section 4 of the plan. *Id.* at p.12. On May 5, 2021, Kulick filed an amended plan which proposed to increase the payment of Leisure Village's claim to $125,000.00. Docket No. 28, p. 6-7.

Utilizing 11 U.S.C. § 522(f) to avoid any portion of Leisure Village's Judgment that affected Kulick's homestead exemption was certainly an aim of Kulick's filing of this Third Case, and he assuredly planned on using Chapter 13 to seek a discharge of certain of his debts, including, perhaps, a portion of the Leisure Village Judgment. The Judgement was just that, however, a judgment. The only issue to defeat was collection efforts on the Judgment, which prompts many debtors to file bankruptcy. Kulick was not only seeking to reduce the amount of the Judgment he would need to pay, but also to reorganize his affairs.

### *Whether Egregious Behavior is Present*

Leisure Village claims that Kulick unscrupulously hindered and delayed his Rule 2004 examination by cancelling it [twice] at the last moment due to alleged unspecified health issues and that he purposefully used his alleged health issues as a means to circumvent being subjected to the standard oath of affirmation to tell the truth under the penalty of perjury. *See* Tchakarov Decl. ¶ 12-13. Additionally, Leisure Village alleges that Kulick's refusal to be sworn under oath is [yet another] indication that he has no intention of making full disclosures with regard to his financial affairs. *Id.* at ¶¶ 12, 20.

**Thursday, May 26, 2022**                                                                 **Hearing Room    201**

11:00 AM
**CONT...        Robert Jacob Kulick**                                                                      **Chapter 13**

On November 12, 2021, the court entered an order approving the stipulation in which Kulick agreed to appear for a Rule 2004 Examination by Leisure Village. *See* Docket Nos. 44-45. According to the stipulation, the parties agreed to initially conduct the examination on September 15, 2021, however on the evening of September 14, 2021, Kulick advised Leisure Village that he was unable to appear due to medical issue. *See* Docket No. 44, p. 2, lines 20-13. The examination was rescheduled to October 27, 2021. *Id.* On October 13, 2021, Kulick notified counsel for Leisure Village via fax that he was canceling the scheduled examination due to a medical issue. Ex. E- fax correspondence from Debtor. However, on October 13, 2021, Kulick also file a Petition for a Writ of Certiorari with the Supreme Court of the United States. Ex. F- A. Thereafter the parties stipulated that the Rule 2004 examination will be conducted remotely on November 19, 2021. Docket No. 46. The November 19 examination was not completed, and the parties agreed to reschedule the examination for January 18, 2022. Docket No. 77, p.26, lines 8-10. On February 7, 2022, the 2004 examination was conducted however, the examination could not be completed in the allotted time and the parties agreed to coordinate an agreeable to date to reconvene. Ex. K Deposition Transcript. On February 15, 2022, Leisure Village filed a *Notice of Intent to Seek Conversion to Chapter 7*. Docket No. 62. On the same date, Kulick filed a Motion to Dismiss, and the order dismissing the case was entered on February 16, 2022. *See* Docket No. 64.

Kulick asserts that his medical issues severely impacted his ability to attend the 2004 Examination and that any apparent obfuscation in his answers was not in bad faith but rather due to these medical conditions and the side effects of the medications. See Docket No. 79, p.3, lines 1-6. However, he does not address the filing of the Supreme Court Writ on the same date that he claimed to be unable to appear at the examination due to illness.

The Court notes that Kulick's health impairments due to his age and his medical conditions have made completing the 2004 examination difficult for Leisure Village but the Court also notes that Kulick has provided some proof to support his health conditions. That is not to say that Kulick has completely clean hands, but Leisure Village has not proven that Kulick's actions in this case warrant a two-year bar to filing.

**Thursday, May 26, 2022**                                                    **Hearing Room**      **201**

<u>11:00 AM</u>
**CONT...       Robert Jacob Kulick**                                                     **Chapter 13**
*Conclusion*

In weighing the *Leavitt* factors, and analyzing the totality of the circumstances, the Court does not believe that a two-year bar to re-filing is appropriate in this case. However, the Court does find that some bar to re-filing is appropriate, and will enter an order barring a further bankruptcy filing by Kulick from the date that this Third Case was dismissed, through 180 days from the date the order approving the Motion is entered.

The Movant is to file a conforming order within 7 days.

| Party Information |
|---|

**Debtor(s):**

Robert Jacob Kulick                          Represented By
                                                            Reed H Olmstead

**Movant(s):**

Leisure Village Association, Inc.            Represented By
                                                            Howard  Camhi

**Trustee(s):**

Elizabeth (ND) F Rojas (TR)                  Pro Se